DAVID WEISS, Wyoming Bar No. 7-5021
Asst. Federal Public Defender
5353 Yellowstone Road Ste. 207
Cheyenne WY 82009
Phone: 307-772-2781
Facsimile: 307-772-2788
david.weiss@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 26-CR-28-ABJ |
| MICHAEL SCOTT HOPPER, | |
| Defendant. | |

## MOTION TO DISMISS INDICTMENT DUE TO PROSECUTORIAL MISCONDUCT AND STRUCTURAL DEFECT IN GRAND JURY PROCEEDING

Defendant, Michael Scott Hopper, by and through counsel, respectfully moves this Court under Federal Rule of Criminal Procedure 12(b)(3)(A)(v) and the Fifth Amendment to the United States Constitution for an order dismissing the indictment. The requested relief is warranted because of egregious prosecutorial misconduct which violated Mr. Hopper's right to an unbiased grand jury.

## I. FACTUAL BACKGROUND

On March 16, 2026, before the presentation of any evidence, witnesses, or testimony in this matter, the United States Attorney for the District of Wyoming, Darin Smith, addressed the entire grand jury pool as they assembled for orientation

and empanelment in the Casper Federal Courthouse. (See Exhibit 1). During this address, the prosecutor impermissibly said the following to the prospective grand jurors:

1.  That "every case" the grand jury would hear "involves bad people" who "did what they say they did."

2.  That the targets of the investigations are "murderers."

3.  That the government's evidence in these cases is so overwhelmingly strong that the jurors will be able to return an indictment in mere minutes, like grand jurors did during the last grand jury.

Shortly after these inflammatory remarks, the grand jury was seated, and the government presented the case against Mr. Hopper. Following the presentation, the grand jury returned a True Bill.

## II. LEGAL STANDARD

The Fifth Amendment of the United States Constitution guarantees the right to indictment by an unbiased grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956). Relevant here, "[t]he prosecutor may not circumvent the constitutional safeguard of a grand jury by overreaching conduct that impinges on the grand jury's autonomy and interferes with its exercise of unbiased judgment." *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986). In the face of such prosecutorial overreach, Rule 12(b)(3)(A)(v) of the Federal Rules of Criminal Procedure affords a defendant the right to move to dismiss the indictment. *See United States v. Sears, Roebuck & Co., Inc.*, 719 F.2d 1386, 1391 (9th Cir. 1983) (noting that an indictment may be

dismissed in "flagrant case[s]" of prosecutorial misconduct) (internal quotation marks omitted).

When analyzing the merits of such a motion, a court must first determine if the defect in the grand jury proceeding is structural. *See United States v. Benjamin*, No. CR 2016-0021, 2019 WL 4920875, at *7 (D.V.I. Oct. 5, 2019), aff'd sub nom. *United States v. Gussie*, 51 F.4th 535 (3d Cir. 2022). A structural error occurs when the "'structural protections of the grand jury have been compromised so as to render the proceedings fundamentally unfair.'" *Id.* at *8 (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988)). If an error is structural, the defendant need only prove the error occurred to secure the request relief. *Id.* at *7. In other words, "structural errors warrant[] dismissal without any showing of prejudice." *Id.*

Non-structural errors, by comparison, require an additional step. For non-structural errors the defendant must show: (1) that the error occurred, and (2) that the error prejudiced the defendant. *Id.* at *6-7. In this context, prejudice exists when there is "'grave doubt' that the decision to indict was free from the substantial influence of [the] violation." *Id.* (citing *United States v. Jennings*, 991 F.2d 725, 729 (11th Cir. 1993) (applying *Bank of Nova Scotia*, 487 U.S. at 256)).

As explained below, the flagrant misconduct in this case constitutes structural error. However, even if the error is deemed non-structural, the error prejudiced Mr. Hopper. In short, dismissal of the indictment is warranted regardless of the error's classification.

## III. ARGUMENT

3

## A. The error is structural.

The primary function of the grand jury is to stand as an independent and impartial buffer "between the accuser and the accused" to protect citizens against unfounded criminal prosecutions. *Wood v. Georgia*, 370 U.S. 375, 390 (1962). At minimum, the Fifth Amendment ensures, as a basic structural protection, an "unbiased grand jury." *Costello*, 350 U.S. at 363. In this case, the prosecutorial misconduct severely eroded this basic structural protection.

By explicitly instructing the grand jury pool that the individuals they would hear about were "bad people," "murderers," and guilty of the alleged conduct before a single witness was sworn, the government unconstitutionally encroached upon the grand jury's independence. The prosecutor did not present evidence; rather, they presented conclusive, prejudicial assertions of guilt that effectively transformed the grand jurors from independent evaluators of probable cause into a rubber stamp for the prosecution.

Importantly, if not dispositively, the Tenth Circuit Court of Appeals has directly stated that a fundamental error—*i.e.*, a structural error—occurs when the prosecutor engages in the exact type of conduct that happened here. *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1245 (10th Cir. 1996). Specifically, any attempt by the "government to unfairly sway the grand jury" would transgress a defendant's right to fundamental fairness. *Id.* So too does "flagrant or egregious [prosecutorial] misconduct which significantly infringe[s] on the grand jury's ability to exercise independent judgment." *Id.* Such coercion is wholly incompatible with the Fifth

Amendment's guarantee of an unbiased grand jury, renders the proceeding fundamentally unfair, and constitutes a severe structural defect that permits the presumption of prejudice.

Finally, when considering whether an error is so fundamental that prejudice is presumed, courts consider whether the error was "broad-scale" and "pervasive" to such an extent that it causes injury "to the jury system, to the law as an institution, to the community at large, and to the democratic ideal reflected in the process of our courts." *Benjamin*, 2019 WL 4920875, at * 9 (citing *Ballard v. United States*, 329 U.S. 187, 195 (1946). Such is the case here.

This is not a case where a single piece of inadmissible hearsay or an isolated prejudicial comment was introduced during an otherwise valid evidentiary presentation. The misconduct here poisoned the well before proceedings even began. It impacted not only the defendant in the above-captioned case, but every defendant whose case was considered by the grand jury that week. When the government indoctrinates the entire jury pool with predetermined guilt and instructions on how quickly to return an indictment, the structural integrity of every subsequent proceeding heard by that grand jury is irreparably broken. Thus, the prosecutor's flagrant misrepresentations not only erases any notion of an unbiased jury but injures the very democratic ideal reflected in the empaneling of a grand jury. *See Lopez-Gutierrez*, 83 F.3d at 1244 (defining a structural error as one that threatens the defendant's "right to fundamental fairness in the criminal process") (internal quotation marks omitted).

### B. Even if deemed non-structural, the error was prejudicial.

If this Court characterizes the U.S. Attorney's actions as non-structural error, the requested relief is still warranted as the error impacted Mr. Hopper. To establish prejudice, Mr. Hopper must show that the violation substantially influenced the grand jury's decision to indict, or that there is "grave doubt" the decision was free from such influence. *Bank of Nova Scotia*, 487 U.S. at 256.

Here, there is every reason to doubt that the decision in this case was not influenced by the inflammatory comments. To start, the prosecutor's assertion that the evidence is so strong that the jurors should be able to return an indictment in three minutes like the previous grand jury is highly coercive. As the witness to the comments attests, the prosecutor effectively instructed the jury to reach a decision without considering the evidence or the law. Before presenting any evidence, the prosecutor told the grand jurors that the targets of the indictments were "bad," that they were guilty, and that they could reach a decision within minutes—i.e., without any deep, considered, independent consideration. The prosecutor also falsely stated the defendants were murderers. This proffered statement of fact is outrageous as much as it is prejudicial. Mr. Hopper has never committed murder.

This comparative pressure strips the grand jury of its deliberative function. It signals to the jurors that a failure to indict immediately is a failure to perform their duties to the standard of their predecessors. To say, without a doubt, that the jurors were not influenced by such comments would rely on the assumption that the jurors wholly ignored the prosecutor's initial comments but then complied with their

obligation to pay attention to the prosecutor once the formal proceedings commenced. Such an assumption beggars belief.

### C. In the alternative, this Court should conduct an in camera voir dire of the jury panel.

If prejudice need be shown, and found lacking, Mr. Hopper respectfully requests that this Court unseal the transcripts and order an *in camera* examination of the grand jurors to determine if they were influenced by the prosecutor's comments. Rule 6 of the Federal Rules of Criminal procedure authorizes a court to disclose a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Here, for the reasons articulated above, at the very least "a ground *may* exist" to dismiss the indictment. *Id.* (emphasis added). Specifically, the prosecutor engaged in flagrant misconduct that invaded the independence of the grand jury. This is a valid ground for the dismissal of an indictment. *See Sears, Roebuck & Co., Inc.*, 719 F.2d at 1391.

Accordingly, if this Court deems the error non-structural and determines that prejudice has not yet been shown, Mr. Hopper respectfully requests that this Court order an in camera voir dire of the empaneled grand jury to determine 1) if they heard the comments, and 2) the extent of the comments' influence. Such questioning is necessary to definitively show prejudice caused by the misconduct.[1]

---

[1] In the interest of judicial economy and to minimize the burden on the grand jurors, the Court may exercise its inherent authority to consolidate the proposed *in camera* proceedings. Rather than conducting repetitive inquiries across multiple dockets, the Court could hold a single, unified *in camera* voir dire on behalf of all defendants who have moved for dismissal based on the United States Attorney's comments.

## IV. CONCLUSION

The grand jury was established to function as a shield for the innocent against malicious and oppressive prosecution.[2] It was never intended to serve merely as a rubber stamp for the prosecutor. By addressing the prospective grand jurors before voir dire with highly inflammatory declarations of the defendants' guilt and explicitly pressuring them to return a true bill in a matter of minutes, the government obliterated the structural independence of the grand jury. This flagrant attempt to unfairly sway the panel constitutes a fundamental error that rendered the proceedings inherently unfair from their inception. Where the structural protections of the grand jury have been so thoroughly compromised, prejudice must be presumed, and the resulting indictment must be dismissed.

Should this Court deem the error non-structural, it cannot be said, without doubt, that the inflammatory comments in no way impacted the jury's deliberations. In other words, the comments prejudiced Mr. Hopper.

Finally, and in the alternative, should this Court find that prejudice has not yet been proven, Mr. Hopper respectfully moves this Court to unseal the grand jury transcripts and order the voir dire of the jury panel to independently assess whether the comments influenced each individual juror.

---

Such a consolidated hearing would ensure a consistent factual record regarding the extent of the prejudice while protecting the secrecy of the grand jury under Federal Rule of Criminal Procedure 6(e).

[2] *See* M. Frankel & G. Naftalis, The Grand Jury: An Institution on Trial 6 (1975).

8

**WHEREFORE**, the Defendant respectfully requests that this Court grant the Motion to Dismiss the Indictment or, in the alternative, enter an order releasing the transcripts, order an in camera voir dire of the grand jury panel, and grant such other and further relief as the Court deems just and proper.

DATED this 24th day of April 2026.

Respectfully submitted,

TRACY R. HUCKE
Federal Public Defender

/s/ *David Weiss*
David Weiss
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on April 24, 2026 to counsel of record via email.

/s/ David Weiss
David Weiss