Timothy W. Gist
Wyoming State Bar No. 6-3122
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
307-332-8195
timothy.gist@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Criminal No. 26-CR-28-ABJ** |
| **MICHAEL SCOTT HOPPER,** | |
| Defendant. | |

## MOTION TO FILE GRAND JURY TRANSCRIPTS UNDER SEAL

The government requests the court's permission to file the transcript of the grand jury selection and empanelment and the presentation to the grand jury supporting the indictment in this matter under seal.

Furthermore, the government requests that any review of these materials undertaken by the court in determining the pending motion to dismiss be conducted by this court *in camera*.

### I.      Transcripts of the grand jury proceedings should be disclosed to the court under seal.

"There is 'a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.'" *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984). Secrecy protects "the proper functioning of our grand jury system." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). "Rule 6(e) of the Federal Rules of Criminal Procedure

codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983). But even where Rule 6(e) would allow disclosure of grand jury material, those seeking access must still make a strong showing of particularized need. *Sells Eng'g, Inc.*, 463 U.S. at 431, 442-43 (even though DOJ civil attorneys are attorneys for the government they must still show a particularized need because they are not prosecutors who should be granted automatic access). The Tenth Circuit has explained that a party may meet this heavy burden by showing:

> (1) the materials are needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials. Further, the request must amount to more than a request for authorization to engage in a fishing expedition.

*In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997) (quotations and citations omitted). "Typically, cases of 'particularized need' arise when the litigant seeks disclosure of grand jury transcripts 'to impeach a witness, to refresh his recollection, [or] to test his credibility.'" *In re Lynde*, 922 F.2d 1448, 1454 (10th Cir. 1991) (quoting *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 683 (1958)). Particularized need may also be shown by specific factual allegations of government misconduct. *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) overruled on other grounds as recognized by *United States v. Marcus*, 628 F.3d 36 (2d Cir.2010).

Here, disclosure of the grand jury transcripts to the court for the purpose of deciding the Defendant's pending motion to dismiss because of misconduct before the grand jury is authorized. Rule 6(e)(3)(E) provides that the

> court may authorize disclosure—at a time, and in a manner, and subject to any other conditions that it directs—of a grand jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding;
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E)(i) & (ii). In addition to being authorized by Rule 6(e)(3)(E)(i) and (ii), there is also a particularized need.

Filing the transcripts of the grand jury selection and empanelment and the presentation to the grand jury supporting the indictment in this matter is necessary here. It will ensure that the record is clear, complete, and preserved as to what occurred before the grand jury with regard to this Defendant. It is also necessary to this court's determination of the Defendant's pending motion to dismiss because it will put his allegations in context and allow the court to fully assess them under the law as will be outlined in the United States' forthcoming response. This request is structured only to cover the material necessary to the court's resolution of the pending motion, and so it also does not constitute a "fishing expedition."

While the United States believes it is necessary to disclose the transcripts of the grand jury selection and empanelment and the presentation to the grand jury to the court for these reasons, it does not follow that they should be unsealed as requested by the Defendant. (*See* Doc. 23 at 7, 8). Rule 6(e)(3)(E) gives the court the power to direct the manner of disclosure and Rule 6(e)(5) further commands that "the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before the grand jury." Thus, this court should maintain the secrecy of this grand jury material to the fullest extent possible while determining the Defendant's pending motion. To achieve this, the United States requests permission to file the necessary transcripts under seal and that the court consider them *in camera* as it deems necessary to resolve the pending motion.

**II.   Conclusion**

For the reasons articulated above, the United States requests permission to file the transcript of the grand jury selection and empanelment and the presentation to the grand jury supporting the indictment in this matter under seal.

**DATED** this 30th day of April 2026.

Respectfully submitted,

STEPHANIE I. SPRECHER
First Assistant United States Attorney

By:   */s/ Timothy W. Gist*
TIMOTHY W. GIST
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2026, the foregoing **Motion to File Grand Jury Transcripts Under Seal** was electronically filed and consequently served on defense counsel via CM/ECF.

*/s/ Vickie L. Smith*
UNITED STATES ATTORNEY'S OFFICE